UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE WATSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-151** |
| **COMMISSIONER OF PROBATION EDWARD DOLAN** | **SECTION: "A"(3)** |

## REPORT AND RECOMMENDATION

Petitioner, Lawrence Watson, filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his application, he purports to challenge a judgment of conviction resulting from proceedings in a county court in Boston, Massachusetts. Although he is no longer incarcerated with respect to that judgment, he may still be under restrictive orders stemming from that proceeding.

Boston is located within the boundaries of the United States District Court for the District of Massachusetts, see 28 U.S.C. § 101, and so it is unclear why petitioner filed his application in this judicial district. However, now realizing his error and conceding that this Court lacks subject matter jurisdiction in this case, he has filed a motion asking that this matter be transferred to the United States Court of Appeals for the First Circuit, apparently believing that he will not be treated fairly in the federal district court in Boston.[1]

The undersigned finds that this matter should indeed be transferred. See 28 U.S.C. §§ 1406(a) and 1631. However, as noted with respect to another similar application petitioner filed in this Court, the matter should be transferred to United States District Court for the District of

---

[1] Rec. Doc. 9.

Massachusetts, not the United States Court of Appeals for the First Circuit. See Watson v. Dolan, Civ. Action No. 22-153 (E.D. La. Apr. 11, 2022) (Fallon, J.).

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's motion requesting that this matter be transferred to the United States Court of Appeals for the First Circuit, Rec. Doc. 9, be **DENIED**.

It is **FURTHER RECOMMENDED** that this matter be **TRANSFERRED** to the United States District Court for the District of Massachusetts.

It is **FURTHER RECOMMENDED** that petitioner's "Motion to File Non-Conforming Motion," Rec. Doc. 10, be **DENIED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __18th__ day of April, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**